IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE A. GUILFOIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 15-302-GMS |
| | ) |
| MICHAEL DELOY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Dale A. Guilfoil ("Guilfoil"), a pretrial detainee at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 1.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I. BACKGROUND**

Guilfoil is disabled due to a work-related back injury. While not clear, it appears that Guilfoil was housed at the James T. Vaughn Correctional Center ("VCC") in Smryna, Delaware. In December 2012, Guilfoil was assigned to the infirmary for several days. He was reassigned to the pretrial building and given a top bunk assignment. Plaintiff advised an officer that he could not climb and needed a bottom bunk and that there were memos for a medical bottom bunk. The officer advised Guilfoil that he would check into it, but nothing happened. Guilfoil attempted to sleep in the top bunk, but he slipped and fell and landed on his left side on the floor. Guilfoil

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

submitted a grievance for a bottom bunk and, when he was not moved or reassigned to a bottom bunk, he began sleeping on the floor. He later received a response that he would be reassigned when bed space became available. Guilfoil had several cellies come and go, but he was not reassigned to a bottom bunk.

Guilfoil saw a physician who told him there was a memo for a bottom bunk but that the Department of Correction ("DOC") had to make the bunk assignment. Guilfoil also requested a cane, and he was told that because he was housed in pretrial, he was not allowed a cane even though others had assistive devices. Guilfoil submitted a grievance on the issue but received no response.

On an unspecified date, a deputy attorney general visited the VCC to confer with Guilfoil on a similar case he had filed concerning a bottom bunk assignment, *Guilfoil v. Scarborough*, Civ. No. 06-593-GMS. Approximately one-half hour after the visit ended, Guilfoil was reassigned to the bottom bunk in the cell.

Guilfoil was released from the VCC on March 28, 2013. Upon his release, Guilfoil saw a pain management physician. On May 9, 2013, Guilfoil had a spinal cord simulator implanted in his back. An MRI was performed in June 2013 and it revealed a cracked vertebrae and punctured disc. Guilfoil alleges that he suffered severe pain from his injury and continues to have problems and pain. Guilfoil was arrested in July 2014 and is currently held at the SCI as a pretrial detainee. He filed the instant lawsuit on April 6, 2015.[2]

---

[2]The computation of time for complaints filed by pro se inmates is determined according to the "mailbox rule." In *Houston v. Lack*, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of

2

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Guilfoil proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-

---

Appeals for the Third Circuit to other prisoner filings. *See Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998). Additionally, this district has extended the *Houston* mailbox rule to pro se § 1983 complaints. *Gibbs v. Decker*, 234 F.Supp. 2d 458, 463 (D. Del. 2002).

Guilfoil's complaint was signed on April 6, 2015, and it was received by the Court on April 9, 2015. Therefore, the complaint was delivered to prison authorities for mailing on either on or after April 6, 2015. Giving Guilfoil the benefit, the court concludes that the complaint was filed on April 6, 2015, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

3

28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Guilfoil leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R.

4

Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Guilfoil's claim is barred by the applicable two-year statute of limitations. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (unpublished) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Guilfoil alleges that, in December 2012, defendants failed to provide him with a bottom bunk assignment even though it was medically indicated and he had a memo for a medical bottom bunk. At some point in time, he fell from the top bunk and was injured. The complaint

5

further indicates that, on an unknown date, Guilfoil was assigned to a bottom bunk after conferring with defense counsel in another lawsuit he had initiated also involving a bottom bunk assignment. Guilfoil was released from the VCC on March 28, 2013, but he did not file the instant complaint until April 6, 2015.[3] Even were the court to consider the last relevant act as occurring on March 28, 2013, the last day that Guilfoil was incarcerated, the instant complaint was not timely filed as it was filed approximately one week after the expiration of the two year limitations period. It is evident from the face of the complaint that the claims are barred by the two year limitations period. Therefore, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and § 1915A(b)(1). The court finds amendment futile.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

August 31, 2015
Wilmington, Delaware

---

[3]See n. 2, *supra*.